Affirmed and Opinion filed August 28, 2003









Affirmed and Opinion filed August 28, 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00574-CR

____________

 

MARTIN JOSEPH SONNIER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 351st District

Harris County, Texas

Trial Court Cause No. 642,841

 



 

M
E M O R A N D U M   O P I N I O N

After a jury trial, appellant was convicted on two counts of
aggravated sexual assault of a child.  On
December 15, 1992, he was sentenced to confinement for twenty-five years in the
Institutional Division of the Texas Department of Criminal Justice.  This Court affirmed appellant=s conviction.  See Sonnier v.
State, No. 14-92-01328-CR, (Tex. App.CHouston [14th Dist.] April 14, 1994, no pet.) (not
designated for publication).








Appellant filed a post-conviction motion for forensic DNA
testing pursuant to Chapter 64 o the Texas Code of Criminal Procedure.  The State filed a motion asking the trial
court to deny DNA testing and provided sworn affidavits from the Harris County
District Clerk=s Office, the Houston Police
Department Property Room, and the Houston Police Department Crime Lab, in which
each department stated it had not received and did not possess any physical
evidence pertaining to the offense for which appellant was convicted.  The trial court denied appellant=s motion for DNA testing and
appellant filed a timely written notice of appeal. 

Appellant=s appointed counsel filed a brief in which he concludes the
appeal is wholly frivolous and without merit. 
The brief meets the requirements of Anders v. California, 386
U.S. 738, 87 S.Ct. 1396 (1967), by presenting a
professional evaluation of the record demonstrating why there are no arguable
grounds to be advanced.  See High v.
State, 573 S.W.2d 807 (Tex. Crim.
App. 1978).

A copy of counsel=s brief was delivered to
appellant.  Appellant was advised of the
right to examine the appellate record and file a pro se response.  See Stafford v. State, 813 S.W.2d 503, 510 (Tex. Crim.
App. 1991).  On August 11, 2003,
appellant filed a pro se response to his counsel=s Anders brief.  In his response, appellant asserts that he
had taken a DNA test in connection with a previous indictment in trial court
cause number 601,309, and that indictment was subsequently dismissed.  He also provided the names of other
individuals who might be able to assist in obtaining information about the
evidence he seeks.  Appellant=s response does not demonstrate,
however, that the trial court erred in concluding appellant failed to meet the
statute=s requirements to show that the
forensic evidence still exists and is in a condition making DNA testing
possible.  See Tex. Code Crim. Proc. Ann. art.
64.03.

We have carefully reviewed the record and counsel=s brief and agree the appeal is
wholly frivolous and without merit. 
Further, we find no reversible error in the record.  Further discussion of the brief would add
nothing to the jurisprudence of the state.

 








Accordingly, the judgment of the trial court is affirmed.

PER CURIAM

 

Judgment rendered and Opinion
filed August 28, 2003.

Panel consists of Chief Justice
Brister and Justices Anderson and Seymore.

Do Not Publish C Tex. R.
App. P. 47.2(b).